UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Howard Cohan,

    Plaintiff,

v.                                                   Case No. 19-10792

VI-LCP Novi Owner, LLC,             Sean F. Cox
                                                    United States District Court Judge

    Defendant.
_____/

## ORDER
## ADJOURNING HEARING, VACATING CLERK'S ENTRY OF DEFAULT, DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT, AND REQUIRING PROPER SERVICE

Acting through counsel, on March 15, 2019, Plaintiff filed this action against Defendant VI-LCP Novi Owner, LLC.

On April 23, 2019, Plaintiff sought and obtained a Clerk's Entry of Default against Defendant. (*See* ECF Nos. 4 & 5).

Currently pending before this Court is a Motion for Default Judgment filed by Plaintiff. This Court scheduled that motion to be heard on September 12, 2019.

In reviewing the docket, this Court found that the only proof of service in this case was that filed as ECF No. 3. That Proof of Service states that VI-LCP Novi Owner, LLC was served in the following manner:

> A copy of the summons and complaint were served on March 18, 2019, to be [sic] registered agent of Bob Evans Restaurants, LLC by certied [sic] mail pursuant to MCR 2.105(D)(1) and Fed. R Civ. P. 4(e)(1).

(ECF No. 3).

1

Accordingly, on September 3, 2019, this Court ordered Plaintiff to "SHOW CAUSE, in writing, no later than September 6, 2019, why the pending motion should not be denied for failure to properly serve Defendant." (ECF No. 12).

In response, on September 4, 2019, Plaintiff's Counsel filed another certificate of service on the docket (ECF No. 13). This one states that VI-LCP Novi Owner, LLC was served in the following manner:

> A copy of the summons and complaint were served on March 29, 2019, to be [sic] registered agent of VI LCP Novi Owner, LLC by certied [sic] mail pursuant to MCR 2.105(D)(1) and Fed. R Civ. P. 4(e)(1).

(*Id.*). On that same date, Plaintiff's Counsel filed a response to the Show Cause Order stating that "Defendant was properly served on March 29, 2019 at the address of its registered agent" and stating that the "correct Certificate of Service was electronically filed using the ECF System on September 4, 2019. [ECF No. 13]." (ECF No. 14). Thus, Plaintiff contends that the Defendant in this case was properly served by certified mail, pursuant to MCR 2.105(D)(1).

Fed. R. Civ. P. 4(e)(1) provides that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected . . ." Service of process in Michigan is governed by MCR 2.105.

MCR 2.105(D)(1), the rule upon which Plaintiff relies, provides that service of process on *a corporation* may be made by "serving a summons and a copy of the complaint on an officer or the registered agent." It is well established, however, that the language of MCR 2.105(D)(1) provides for *personal service* of the summons and complaint on an individual officer or resident agent of the corporate defendant:

> Defendant is a private corporation. See 12 USC 1716b ("Federal National Mortgage Association[ ] will be a Government-sponsored private corporation ...."). Plaintiff chose to serve process by mail on defendant's CEO, a company "officer." MCR 2.105(D)(1) provides that service of process on a private corporation may be completed by "serving a summons and a copy of the complaint on an officer...." This means "personal" service. *Bullington v. Corbell*, 293 Mich. App. 549, 557; 809 N.W.2d 657 (2011).

*Williams v. Fannie Mae*, 2017 WL 2562608 (Mich. App. 2017). Thus, if Defendant were a corporation, then service by only certified mail to its resident agent would not be proper service. *Id.*

Moreover, Defendant is not a corporation. Defendant "VI-LCP Novi Owner, LLC" is a limited liability corporation. Although MCR 2.105(D) does not specifically address service of limited liability companies, the Michigan Court of Appeals in *Bullington v. Corbell*, 293 Mich.App. 549, 558 (2011), referencing MCR 2.105(H)(1), held that the "court rules simply do not contemplate that a plaintiff may use certified mail as an initial form of service on corporate entities of any kind."

Here, Plaintiff used certified mail "as an initial form of service" of the Defendant LLC in this case. Accordingly, Defendant was not properly served.

The Court hereby **ORDERS** that: 1) the hearing set for September 12, 2019, is **ADJOURNED**; 2) the Clerk's Entry of Default in this action (ECF No. 5) is **SET ASIDE**; and 3) Plaintiff's Motion for Default Judgment is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff shall file proof that Defendant has been properly served, in compliance with the applicable rules, within seven (7) days of the date of this Order. Failure to comply with the terms of this Order may result in dismissal of this action.

**IT IS SO ORDERED.**

                                                       s/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge

Dated: September 4, 2019