IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOWARD COHAN,

    Plaintiff,

v.

HAGGERTY NOVI OWNER, LLC. and
DRIFTWOOD HOSPITALITY
MANAGEMENT II, LLC.,

    Defendants.

                                                             /

Case No. 2:19-cv-10792-SFC-SDD

Hon. Sean F. Cox

Magistrate Judge Stephanie Dawkins-Davis

**PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Howard Cohan, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Haggerty Novi Owner, LLC based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2.  Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

## PARTIES

3.  Plaintiff is a resident of Palm Beach County, Florida.

4.  Defendant is a limited liability company with its registered office located at 601 Abbot Road, East Lansing, MI 48823.

5.  Upon information and belief, Defendant owns or operates "Sheraton Detroit Novi Hotel" whose locations qualify as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates the above paragraphs by reference.

7.  Plaintiff is an individual with numerous disabilities, including severe spinal stenosis of the lumbar spine with spondylolisthesis and right leg pain, severe spinal stenosis of the cervical spine with nerve root compromise on the right side, a non-union fracture of the left acromion, a labral tear of the left shoulder, a full thickness right rotor cuff tear, a right knee medial meniscal tear, a repaired ACL and bilateral meniscal tear of the left knee and severe basal joint arthritis of the left thumb. These conditions cause sudden onsets of severe pain and substantially limit

Plaintiff's ability to perform certain manual tasks, walk, stand, lift, bend, and work. The disabilities and symptoms are permanent.

8. At the time of Plaintiff's initial visit to Sheraton Detroit Novi Hotel (and prior to instituting this action), Plaintiff suffered from a qualified disability under the 28 C.F.R. 36.105.

9. Plaintiff's condition is degenerative and requires occasional use of mobility aids to assist his movement.

10. Plaintiff regularly travels to Michigan to visit friends and shop. Plaintiff prefers staying around the Novi area on his trips because of the density of malls, stores, restaurants, and hotels.

11. Most recently, Plaintiff was in the Novi area in May of 2019, and currently plans to return to the area again at the end of October 1, 2019.

12. Plaintiff stays at hotels when he is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best prices, amenities, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

15. While many hotels offer the option of booking accessible rooms, there is no indication that the rest of the hotel will be accessible to Plaintiff.

16. This requires Plaintiff to visit hotels that offer the amenities, pricing, and location he desires prior to booking a stay to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Plaintiff encountered barriers to access at the Facility which directly affect his disabilities and restrict his ability to safely use elements of the Facility in an equal manner as non-disabled individuals.

18. Plaintiff is a customer of Marriot-branded hotels due to being a member of the company's loyalty program and regularly stays at Sheraton hotels when he is traveling.

19. Plaintiff would book a stay at the Facility on his upcoming October 2019 trip if Defendant removes the architectural barriers Plaintiff encountered at the Facility and modifies its policies and practices to accommodate individuals who have physical disabilities.

20. However, Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

21. Due to Plaintiff's frequent travels, he also acts as a tester by inspecting Facilities for accessibility to advance the purpose of the ADA, the civil rights of disabled individuals, and to be certain that he can enjoy the same options and privileges to patronize places of public accommodation as non-disabled individuals without worrying about accessibility issues.

22. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

23. Plaintiff incorporates the above paragraphs by reference.

24. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

25. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

26. Plaintiff incorporates the above paragraphs by reference.

27. Sheraton Detroit Novi Hotel is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

28. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

29. Architectural barriers exist which denied Plaintiff full and equal access to the goods and services Defendant offers to non-disabled individuals.

30. Plaintiff personally encountered architectural barriers on March 21, 2018, at the Facility located at 21111 Haggerty Rd, Novi, Michigan 48375:

   a. Restroom Near Ballrooms:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of §§404, 404.1, 404.2, 404.2.9 and 309.4 of the 2010 ADA Standards for Accessible Design.

      ii. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of §§606 and 606.5 of the 2010 ADA Standards for Accessible Design.

      iii. Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of §§605 and 605.2 of the 2010 ADA Standards for Accessible Design.

    iv. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of §§609, 609.1 and 609.3 of the 2010 ADA Standards for Accessible Design.

    v. Providing grab bars of improper horizontal length or spacing as required along the rear or side wall in violation §§604, 604.5, 604.5.1 and 604.5.2 of the 2010 ADA Standards for Accessible Design.

    vi. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

b. Restrooms Near Ballrooms – Ambulatory Stall:

    i. Failing to provide the proper spacing between a grab bar and an object projecting out of the wall in violation of §§609, 609.1 and 609.3 of the 2010 ADA Standards for Accessible Design.

    ii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

      iii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of §§603, 603.4 and 308 of the 2010 ADA Standards for Accessible Design.

  c. Lobby Area Restroom:

      i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of §§404, 404.1, 404.2, 404.2.9 and 309.4 of the 2010 ADA Standards for Accessible Design.

      ii. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the 2010 ADA Standards for Accessible Design.

      iii. Failing to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of §§605 and 605.2 of the 2010 ADA Standards for Accessible Design.

      iv. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the

    finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

 d. Lobby Restroom – Ambulatory Stall:

  i. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

 e. Bar & Restaurant Area:

  i. Providing counter heights exceeding 36 inches making it impossible to service a person with a disability in violation of §§904, 904.4, 904.4.1, 904.4.2, 305 and 306 of the 2010 ADA Standards for Accessible Design.

  ii. Failing to provide accessible seating for persons with a disability in violation of §§902, 902.1, 902.2, 902.3, 305, 306 of the 2010 ADA Standards for Accessible Design or §4.32.4 of the 1991 ADA Standards.

  iii. Failing to provide seating for persons with a disability that has the correct clear floor space for forward approach in violation of §§902, 902.2, 305 and 306 of the 2010 ADA Standards for Accessible Design.

    f.  Floor 2 Restrooms near Meeting Rooms:

        i.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of §§404, 404.1, 404.2, 404.2.9 and 309.4 of the 2010 ADA Standards for Accessible Design.

       ii.  Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in §§404, 404.1, 404.2, 404.2.3, 404.2.4 and 404.2.4.1 of the 2010 ADA Standards for Accessible Design.

      iii.  Providing sinks or countertops that are greater than the 34 inch maximum allowed above the finished floor or ground in violation of §§606 and 606.3 of the 2010 ADA Standards for Accessible Design.

      iv.  Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of §§606 and 606.5 of the 2010 ADA Standards for Accessible Design.

      v. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of §§603, 603.4 and 308 of the 2010 ADA Standards for Accessible Design.

      vi. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

      vii. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of §§604, 604.7 and 309.4 of the 2010 ADA Standards for Accessible Design.

  g. Passenger Drop Off:

      i. Failing to provide a passenger loading zone with an access aisle marked with striping in violation of §§209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3 of the 2010 ADA Standards for Accessible Design.

31. These barriers cause Plaintiff difficulty in safely using each element of the Facility because of Plaintiff's impaired mobility and range of motion in his arms, shoulders, legs, and hands requiring extra care due to concerns for safety and a fear of aggravating his injuries.

32. Defendant has failed to remove some or all of the barriers and violations at the Facility.

33. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

34. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

35. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

36. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. declare that the Facility identified in this Complaint is in violation of the ADA;

B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

C. enter an Order requiring Defendant make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

F. grant any other such relief as the Court deems just and proper.

Respectfully submitted,

BLACKMORE LAW PLC

*/s/ Angela C. Spears*
Angela C. Spears (P82653)
BLACKMORE LAW PLC
21411 Civic Center Drive, Suite 200
Southfield, MI 48076
T: (248) 845-8594
E: george@blackmorelawplc.com
E: aspears@blackmorelawplc.com
*Counsel for Plaintiff*

Dated: October 28, 2019